JUNE BINETTE, ADMINISTRATRIX OF ESTATE OF
LEO W. BINETTE
*vs.*
RAYMOND LEPAGE

York.   Opinion, June 21, 1956.

*Simon Spill,* for plaintiff.

*Waterhouse, Spencer & Carroll,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ.  MURRAY, A. R. J.  CLARKE, J., did not sit.

BELIVEAU, J. Exceptions were taken by the plaintiff to the order of the presiding justice granting the defendant's motion for a nonsuit.

The general issue was pleaded together with a brief statement that the plaintiff's intestate's "lack of due care and negligence under the circumstances was responsible for his alleged injuries and resulting death."

Under Section 50, Chapter 100 of the Revised Statutes, 1944, a person who dies as a result of injuries received is presumed to have been in the exercise of due care, and if his contributory negligence is to be made an issue it must be proved by the defendant. If the plaintiff's evidence shows contributory negligence, on the part of the deceased, then the defendant has sustained that burden.

We need not consider the defendant's negligence, if any, because from the record the only conclusion to be arrived at is that the deceased was guilty of contributory negligence.

Late on the evening of July 3, 1954 the automobile of the plaintiff's intestate became disabled on Saco Avenue in the Town of Old Orchard. At his request the defendant dispatched a wrecker to tow the car away. The wrecker was backed by the defendant's employee on the wrong side of the road and in the rear of the Binette car to fasten or attach it to the rear of the wrecker. During this operation Binette placed himself in a position between the rear ends of his car and that of the wrecker and toward the center of the road. As this was going on, another automobile coming from the direction of Old Orchard, toward Saco, on this road, struck the wrecker and pushed the Binette car and the wrecker a distance of about 15 feet.

Binette was injured and his body found in the traveled part of the road and toward the center. He died as a result of the injuries received.

Binette took no part and gave no assistance to the defendant's employee. He deliberately and knowingly placed himself in a position of great danger. It is in evidence that usually the Saco road at this point is much traveled and was much more so on the evening of July 3. The deceased was familiar with this highway and knew, or should have known, that the position he assumed, under the conditions which then existed, was extremely dangerous and hazardous.

From the uncontradicted facts the evidence is conclusive that the plaintiff's intestate was guilty of contributory negligence. His was not the conduct of a reasonably prudent person.

*Exceptions overruled.*